IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DIANA GOODYKOONTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0533-WS-B |
| | ) |
| DIAMOND'S GENTLEMAN'S CLUB, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss (doc. 10). The Motion has been briefed and is now ripe for disposition.

**I.     Background.**

Plaintiff, Diana Goodykoontz, proceeding *pro se*, filed a Complaint (doc. 1) against Diamond's Gentleman's Club, alleging violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). In particular, the Complaint alleges that Diamond's hired Goodykoontz as a dancer on June 27, 2014, but that because of illness her start date was delayed until September 2014. When Goodykoontz began working at Diamond's, she was asked her age. After she responded that she was almost 41, the Complaint alleges, the staff of Diamond's (manager, bartender, DJ) all began ignoring and avoiding her. At the end of her shift, according to the Complaint, Goodykoontz had a disagreement with the Diamond's general manager over a $10 floor fee, at which time he said, "I invite you not to come back." When Goodykoontz asked if she was being fired, the general manager responded, "No, I'm inviting you not to come back." Upon further inquiry by Goodykoontz, the general manager indicated that he had a specific image for the nightclub and told her, "You don't fit the profile I'm wanting here." When plaintiff pressed him for clarification about why she was being fired, the Complaint alleges, the general manager "snarled" at her, "Because YOU'RE TOO OLD!!!!" (Doc. 1, at 7.)

Based on these well-pleaded factual allegations, Goodykoontz brings a single cause of action against Diamond's under the ADEA for terminating her employment because she was

over the age of 40.  The Complaint reflects that Goodykoontz exhausted her administrative remedies by filing an EEOC Charge of Discrimination against Diamond's, the result of which was that the EEOC "found reasonable cause to believe that violations of the statute(s) occurred" and issued a right-to-sue letter.  (Doc. 1, at 4.)  Defendant now moves to dismiss the Complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P., on the grounds that (1) plaintiff's pleading reveals on its face that defendant is not an "employer" within the meaning of the ADEA, and (2) Goodykoontz was an independent contractor, not an employee.

**II.     Analysis.**

As an initial matter, it bears emphasis that *pro se* pleadings are entitled to deference.  Indeed, the Eleventh Circuit has instructed that "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *see also Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("we are to give liberal construction to the pleadings of *pro se* litigants").  Nonetheless, "a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court."  *Holmes v. Escambia County Sheriff Dep't*, 2015 WL 2095671, *2 (S.D. Ala. May 4, 2015) (citation omitted).  Defendant maintains that Goodykoontz's Complaint fails to satisfy that fundamental requirement.

   **A.     Whether Defendant is an ADEA "Employer."**

Defendant's Motion to Dismiss purports to identify and exploit two technical defects in the Complaint.  First, defendant latches onto the Complaint's specification that the "[a]pproximate number of individuals employed by defendant(s)" is "15 – 100 varies."  (Doc. 1, ¶ 5.)  This allegation is significant, according to defendant, because the ADEA defines an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  29 U.S.C. § 630(b).  Defendant's position is that the Complaint's reference to "15 – 100" employees, as compared to the statutory minimum of 20 employees, means that "the Complaint on its face fails to state a claim" and is tantamount to a "jurisdictional defect." (Doc. 10, at 1; doc. 15, at 1.)

As a threshold matter, defendant is incorrect that whether a defendant meets the definition of "employer" in civil rights statutes is properly viewed as a matter of jurisdictional import.  *See, e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516, 126 S.Ct. 1235, 163 L.Ed.2d 1097

(2006) ("we hold that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue").  Moreover, contrary to defendant's position, the Complaint does not negate the possibility that Diamond's may qualify as an "employer" for ADEA purposes.  There is no inconsistency between § 630(b)'s requirement that an employer must have 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, on the one hand, and the Complaint's allegation that the "[a]pproximate number of individuals employed" by Diamond's was "15 – 100 varies," on the other.  Simply put, Diamond's could <u>both</u> employ 15-100 people at various times (as the Complaint alleges) <u>and</u> satisfy the 20-employees-in-20-weeks rule (as the ADEA requires).  Not surprisingly, federal courts have expressed reluctance to dismiss complaints with similar allegations as to number of employees.[1]

Even if the well-pleaded allegations of the Complaint negated the possibility that Diamond's could be classified as an "employer" under the ADEA (which they do not), the Motion to Dismiss would still be properly denied on this point.  After all, the general rule applied to *pro se* plaintiffs in this Circuit is that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).[2]

---

[1]  *See, e.g., Newsom-Lang v. Warren Int'l*, 129 F. Supp.2d 662, 663 (S.D.N.Y. 2001) (denying motion to dismiss based on defendant's argument that it employed fewer than 20 people "because failure to meet the employee census threshold is not evident on the face of the complaint"); *Santichen v. Laurel Management Co.*, 2007 WL 587239, *4 (W.D. Pa. Feb. 20, 2007) ("the explicit language of the Complaint – 'more than fifteen' – does not preclude the possibility that Defendant employs the requisite number of workers"); *Solon v. Kaplan*, 2001 WL 123769, *2 n.1 (N.D. Ill. Feb. 13, 2001) (declining to dismiss ADEA claim where complaint alleged that defendant had over 15 employees, reasoning that it is "entirely possible that discovery will reveal that it had twenty or more employees").

[2]  The Eleventh Circuit has since retreated from *Bank* in the context of plaintiffs represented by counsel. *See Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). But the *Wagner* holding has not been extended to unrepresented parties; to the contrary, the Eleventh Circuit has continued to adhere to the *Bank* rule where *pro se* plaintiffs are involved. *See Jenkins v. Walker*, 620 Fed.Appx. 709, 711 (11th Cir. July 10, 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to (Continued)

In her opposition brief, Goodykoontz specifically alleged that "Defendant did have 20 or more employees for each working day in each of twenty or more calendar weeks in said calendar year." (Doc. 13, at 1.)  In light of *Bank*, even if the Court agreed with Diamond's that a plaintiff must specifically plead the ADEA's definition of "employer" in her Complaint to withstand Rule 12(b)(6) review, the best possible outcome of the Diamond's Motion to Dismiss as to the "employer" issue would be allowing Goodykoontz an opportunity to amend the Complaint to plead just that, which she would do.  Rather than conducting such a hollow formality, or penalizing plaintiff for not doing so on her own, the Court, construing Goodykoontz's Complaint liberally in view of her *pro se* status, finds that under the well-pleaded factual allegations therein, it is at least plausible that Diamond's qualifies as an "employer" subject to the ADEA.  The Court thus rejects the premise of the Motion to Dismiss that "the Complaint on its face fails to state a claim" as to whether Diamond's is an "employer" as defined in § 630(b).

### B. *Whether Plaintiff was an Employee or an Independent Contractor.*

Second, Diamond's urges the Court to dismiss the Complaint because "Plaintiff's own allegations show that she was not an employee" within the meaning of the ADEA.  (Doc. 10, at 2.)  Defendant's position is that the Complaint "reflects that Plaintiff was an independent contractor under the common law definition." (*Id.* at 1.)  This classification matters because "[t]he ADEA does not provide relief for discrimination against an independent contractor," only employees.  *Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1495 n.13 (11th Cir. 1993).

Federal courts have applied multiple, multifactor tests to distinguish employees from independent contractors; however, the Eleventh Circuit has observed in the ADEA context that "the central issue … is the hiring party's right to control the manner and means by which the work is accomplished." *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1266 (11th Cir. 1997); *see also Lockett v. Allstate Ins. Co.*, 364 F. Supp.2d 1368, 1373 (M.D. Ga.

---

amend the complaint before the court dismisses the action."); *De Souza v. JPMorgan Chase Home Lending Div.*, 608 Fed.Appx. 776, 781 (11th Cir. Apr. 24, 2015) ("Where it appears that a more carefully drafted complaint might state a claim, a *pro se* plaintiff must be given at least one opportunity to amend the complaint before the court dismisses the action with prejudice."); *Edwards v. Fernandez-Rundell*, 512 Fed.Appx. 996, 997 (11th Cir. Mar. 18, 2013) ("our decision in *Wagner* did not disturb our decision in *Bank* with respect to a *pro se* litigant's right to amend").  Thus, *Bank* remains good law in cases involving *pro se* plaintiffs.

2005) ("the focus of the inquiry is the employer's right to control the 'means and manner' of the worker's performance") (citation omitted). The precise list of factors varies somewhat from one test to the next. Nonetheless, to determine whether an individual is properly classified as an employee or an independent contractor in the ADEA context, courts have considered factors such as whether the work usually is done under a supervisor's direction, the skill required, whether the employer furnishes equipment used and place of work, length of time worked, method of payment, manner in which work relationship is terminated, whether annual leave is provided, whether the work is integral to the entity's business, whether the worker accumulates benefits, whether the entity pays Social Security taxes, and the parties' intentions. *See, e.g., Pardazi v. Cullman Medical Center*, 838 F.2d 1155, 1156 (11th Cir. 1988); *Lockett*, 364 F. Supp.2d at 1373.

According to defendant, the Complaint establishes that Goodykoontz was an independent contractor by alleging that she worked for tips only and that defendant did not control her schedule. (Doc. 10, at 1-2.) The problem with this line of reasoning is that it grossly oversimplifies the employer / independent contractor determination. As demonstrated by the above-cited list of factors, a great many factual considerations must be taken into account in making that assessment. Indeed, the Eleventh Circuit has observed that "employee / independent contractor cases are necessarily fact-intensive." *Carlson v. FedEx Ground Package Systems, Inc.*, 787 F.3d 1313, 1326 (11th Cir. 2015); *see also Hanson v. Trop, Inc.*, --- F. Supp.3d ----, 2016 WL 861347, *1 (N.D. Ga. Mar. 3, 2016) ("the classification of a worker as an employee or an independent contractor is a fact-intensive inquiry"). Moreover, the tipping and scheduling factors on which Diamond's seizes in its Motion to Dismiss are not dispositive of the inquiry. *See Hanson*, 2016 WL 861347, at *3-8 (exotic dancer properly classified as employee, not independent contractor, even though she worked for tips only and exercised control over her schedule, inasmuch as "an entertainer's control over his or her schedule has not stopped courts from finding the entertainer was an employee"). After extensive examination of relevant facts on a fleshed-out record, courts in this Circuit have frequently deemed exotic dancers to be employees, not independent contractors.[3]

---

[3] *See, e.g., Hanson*, --- F. Supp.3d ----, 2016 WL 861347, at *3 (in FLSA context, denying summary judgment to employer arguing that exotic dancers were independent (Continued)

To be clear, the Court is not making an express finding at this juncture that Goodykoontz was, in fact, an employee of Diamond's.  Rather, the point is that there is far more to the employee / independent contractor distinction than defendant's Motion to Dismiss suggests.  The pair of superficial facts identified in the Motion is not conclusive of plaintiff's status as an employee or an independent contractor; rather, as the cases cited in footnote 3 demonstrate, those factors are no more than the tip of the analytical iceberg.[4]  It is entirely possible for an individual to be properly classified as an employee under the ADEA even where she works exclusively for tips and schedules her own shifts.  In short, the employee / independent contractor determination cannot be made without a far more developed factual record than exists at this time.  At this juncture, it is certainly plausible for Goodykoontz to claim that she was an employee of

---

contractors, noting that "[m]any other courts" have concluded that adult entertainers are employees, not contractors); *Clincy v. Galardi South Enterprises, Inc.*, 808 F. Supp.2d 1326, 1350 (N.D. Ga. 2011) (concluding that "the Club's degree of control over the work of entertainers, the entertainers' opportunity for profit and loss, the entertainers' relative investment, the lack of specialized skill required to be an entertainer, and the integral nature of nude entertainment to the Club's business support a finding that an employer-employee relationship existed between the Club and plaintiffs"); *Harrell v. Diamond A Entertainment, Inc.*, 992 F. Supp. 1343, 1347-54 (M.D. Fla. 1997) (concluding after in-depth factual analysis that exotic dancers at Babe's and Foxy Lady nightclubs were employees, not independent contractors, for purposes of the FLSA); *Bosco v. Tampa Food & Beverage, LLC*, 2013 WL 49477, *1 (M.D. Fla. Jan. 3, 2013) ("Many federal courts have construed arrangements between nightclubs and dancers and usually found that the dancers were employees as opposed to independent contractors.") (collecting cases).

[4]     In its reply brief, defendant cites *Weary v. Cochran*, 377 F.3d 522 (6th Cir. 2004), for the proposition that a relevant factor is "the extent of the hired parties [*sic*] discretion over when and how long to work." (Doc. 15, at 1.)  But *Weary* itself underscores the oversimplification in defendant's analysis.  Indeed, that court identified relevant factors to the employee / independent contractor test as including "the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party." *Weary*, 377 F.3d at 525 (citations omitted). *Weary* also cautions that "***all of the incidents of the relationship must be assessed and weighed with no one factor being decisive***." *Id.* (emphasis added and citation omitted).  Defendant's Motion to Dismiss proceeds in derogation of these well-settled principles.

Diamond's, not an independent contractor, for purposes of ADEA coverage; therefore, dismissal of this claim under Rule 12(b)(6) is inappropriate.

### III. Conclusion.

For all of the foregoing reasons, defendant's Motion to Dismiss (doc. 10) is **denied**. Pursuant to Rule 12(a)(4)(A), Fed.R.Civ.P., defendant is **ordered** to file its answer to the Complaint on or before **May 24, 2016**. This matter is **referred** to Magistrate Judge Bivins for entry of a Preliminary Scheduling Order.

DONE and ORDERED this 10th day of May, 2016.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE