IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DIANA GOODYKOONTZ** | * |
| | * |
| Plaintiff, | * |
| v. | *   CIVIL ACTION NO. 1:15-cv-00533-WS-B |
| **DIAMOND'S GENTLEMAN'S CLUB** | * |
| | * |
| Defendant. | * |

PROTECTIVE ORDER

1. When used in this Order, the following words shall have the following meanings:

(a) "Document(s)" means (1) all written, recorded, or graphic matter whatsoever and information produced on computer disks or tapes--including all "writings and recordings" as those terms are defined by the *Federal Rules of Evidence* and (2) any copies, reproductions, or summaries of the foregoing--including, but not limited to, microfilmed, imaged, PDF, or electronic copies.

(b) "Confidential Documents" means documents which are reasonably deemed by Diamond's Gentleman's Club (hereinafter, "Defendant") to be confidential or sensitive--including, but not limited to sales information, costs, budgets, financial data, identity of suppliers and customers, trade secrets, confidential research, business plans, strategies and data, marketing plans and strategies, tax returns, and any other confidential or proprietary information not shared or disclosed to third parties which is of a confidential and proprietary nature. Confidential Documents shall also include any documents pertaining to the Plaintiff, Diana Goodykoontz, reasonably deemed by the Plaintiff to be confidential or sensitive, including but not limited to Protected Health Information, financial and personally identifying information, information pertaining to the

immediate family relationships of the Plaintiff, and information pertaining to the employment of Plaintiff with Defendant or other entities.

(c) "Producing Party" means any party or third person producing Confidential Documents, whether pursuant to the discovery procedures of the *Federal Rules of Civil Procedure* a Court Order, or by agreement.

(d) "Disclose" (and any variant thereof) means to show, give, make available, reproduce, or communicate any Confidential Documents, or any part or content thereof.

(e) "Attorneys of Record" means attorneys for any of the parties to this action, members of the firm of the attorneys for the parties, and in-house attorneys who are employed by one or more of the parties.

2. Except with respect to the original Producing Party, any production of Confidential Documents shall be used solely for the purposes of this litigation and shall not be used by any party for any other purpose, including, without limitation, any business or commercial purpose.

3. Confidential Documents shall not be disclosed to any person or entity except in accordance with the terms, conditions and restrictions of this Order. Subject to the terms, conditions and restrictions of this Order, Confidential Documents may be disclosed *only* to the following persons and *only* to the extent such persons have a legitimate need to know the particular Confidential Documents disclosed to them: (a) persons employed by the Court and jury in connection with the handling of this action; (b) the parties and attorneys of record; (c) employees of the attorneys of record working under the direct supervision of such attorneys of record; (d) current employees, officers, partners or directors, representatives, and agents of the parties; (e) outside experts or consultants; (f) certified shorthand reporters and videotape operators for the purposes of recording the testimony of deposition witnesses and preparing a written or videotaped

record of such testimony; (g) independent copying services, independent computer consulting and support services, independent translators, independent exhibit makers, and other independent litigation support services retained for purposes of this litigation; (h) any person who is the author or addressee of any Document or a person who, as a matter of record, has actually received any Document designated as a Confidential Document, other than through discovery or through attorney-client communications relating to litigation or legal advice; (i) deposition witnesses or potential witnesses; and (j) any other person who is designated by written stipulation of the parties to have access to Confidential Documents; or (k) by order of the Court after notice to all parties upon a showing of good cause why such person shall be so designated, and opposing parties have had an opportunity to be heard in opposition thereto.

4.  By making any such Confidential Documents available during the course of this litigation, the Producing Party does not waive any confidential protection that might otherwise be afforded over those materials. Furthermore, by designating any Documents as "Confidential Documents," the parties do not acknowledge that any such Confidential Documents are relevant or discoverable in this action. This Order shall not constitute a waiver of any right to seek discovery of, or alternatively, to resist discovery of, any material in this action. This Order is without prejudice to any party's right to assert the attorney-client, work-product, or other privileges or doctrines.

5.  At the conclusion of this litigation, including any appeals from any judgment or order entered by the Court and any retrial, at the request of the Producing Party, the receiving party shall return all received Confidential Documents to the Producing Party upon written request of the Producing Party, subject to any law requiring that said Confidential Documents or copies

thereof be retained by the non-Producing Party. However, notwithstanding any other provision of this paragraph, all Confidential Documents shall remain subject to this Order.

      6.      Nothing in this Order shall be construed as (a) preventing any party from using or continuing to use any information that, at the time of disclosure, is publicly known through no unauthorized act of such party, or (b) as preventing a party from continuing to use any information known or used by it if such information is lawfully obtained by the party, other than through discovery of a non-Producing Party.  Should a dispute arise as to any specific information or materials, the burden shall be upon the party claiming that such information or materials is or was publicly known, or claiming that such information was lawfully obtained other than through discovery of a non-Producing Party.

      7.      All documents which the Producing Party, if a party to this litigation, reasonably deems to be Confidential Documents shall be stamped by that party as "Confidential," or designated by that party as confidential by similar means.

      8.      If either party requests that documents received from a third person pursuant to the discovery procedures of the *Federal Rules of Civil Procedure* (e.g., subpoena) or by a Court Order (e.g., HIPAA Order) be treated as Confidential Documents, the other party will agree to do so.

      9.      The parties agree that should there be a dispute as to whether a document is "Confidential," they reserve their right to seek Court intervention to resolve such dispute.  The parties agree that any document as to which the confidentiality is disputed will be treated as "Confidential" pending resolution of the dispute by the Court.

APPROVED AND SO ORDERED ON THIS THE <u>1st</u> DAY OF <u>    July        </u>, 2016.

United States Magistrate Judge Sonja F. Bivins

Digitally signed by United States Magistrate Judge Sonja F. Bivins
DN: cn=United States Magistrate Judge Sonja F. Bivins, o=Federal Judiciary, ou=U.S. District Court Southern District Of Alabama, email=efile_bivins@alsd.uscourts.gov, c=US
Date: 2016.07.01 14:54:44 -06'00'